Opinion filed January 7, 2010











 
 
  
 
 







 
 
  
 
 




Opinion filed January 7,
2010

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-09-00294-CV 

                                                    __________

 

                   IN RE PERMIAN TANK & MANUFACTURING, INC.

 



 

                                                Original
Mandamus Proceeding

 



 

                                                                   O
P I N I O N

 

  Permian
Tank & Manufacturing, Inc. has filed a petition for writ of mandamus,
seeking to compel arbitration of a personal injury suit filed against it by a
former employee.  Subsequent to the trial court=s
order denying arbitration, the Texas Supreme Court released an opinion that
speaks to the issues raised by this litigation.  Consequently, we conditionally
grant Permian=s
petition.

                                                                  I. 
Background

            Wayne
Elmore was employed by Permian.  While in the course and scope of his
employment, Elmore fell off a forklift and injured himself.  Permian is a
nonsubscriber and Elmore filed suit, asserting a negligence cause of action and
seeking personal injury damages.  Permian filed a motion to stay and compel
arbitration.  Elmore opposed that motion and the trial court denied it.

                                                                   II.
Discussion

            Permian
challenges the trial court=s
order with a single issue, contending that the trial court abused its discretion. 
Elmore responds that the trial court correctly found that no binding
arbitration agreement existed at the time of his injury.








A. 
Background Facts. 

It
is undisputed that on October 12, 2007, Elmore signed a document entitled AAgreement to Submit
Disputes to Mediation and/or Arbitration.@ 
This is a broadly worded agreement that covers all claims or disputes arising
from Elmore=s
employment, including any claims based upon on-the-job injuries.  On December
6, 2007, Permian adopted an occupational injury benefit plan.  This plan
includes an arbitration agreement.  Elmore denies signing any document in
connection with this plan or its arbitration agreement, and there is no
evidence in our record to the contrary.

Permian
contends that Elmore is bound by the October 12 arbitration agreement or, alternatively,
the benefit plan arbitration provision.  Elmore responds that the benefit plan
revoked the October 12 agreement and that the benefit plan gave him the option
to either retain his common law right to sue in state court or to participate
in the benefit plan.  Because he did not sign or participate in the benefit
plan, Elmore contends that he is not bound by the plan=s arbitration provision.

B. 
Standard of Review. 

It
is also undisputed that the Federal Arbitration Act (FAA)[1]
applies to this case.  Under the FAA, orders denying a motion to compel
arbitration are reviewed for an abuse of discretion.  Jack B. Anglin Co. v.
Tipps, 842 S.W.2d 266, 271 (Tex. 1992) (orig. proceeding).  A trial court
abuses its discretion if it acts without reference to any guiding rules or
principles or acts in an arbitrary or unreasonable manner.  Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).  When
reviewing matters committed to a trial court=s
discretion, an appellate court may not substitute its own judgment for that of
the trial court.  Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992)
(orig. proceeding).  Nor may a reviewing court set aside the trial court=s determination unless it
is clear from the record that the trial court could only reach one decision.  Id.
at 840.  

C.
Who Determines Whether an Arbitration Agreement Applies?








Subsequent
to the trial court=s
order, the Texas Supreme Court decided In re Morgan Stanley & Co.,
293 S.W.3d 182 (Tex. 2009).  In this case, the court considered the proper
manner for determining initial threshold questions concerning the applicability
of an arbitration agreement.  The court reaffirmed the principle that trial
courts have a limited role if a valid agreement to arbitrate exists.  For
example, defenses attacking the validity of a contract as a whole and not
specifically aimed at the agreement to arbitrate are for the arbitrator, not
the court.  Id. at 185; see also Buckeye Check Cashing, Inc. v.
Cardegna, 546 U.S. 440, 445-46 (2006) (Aunless
the challenge is to the arbitration clause itself, the issue of the contract=s validity is considered by
the arbitrator in the first instance@).  


Elmore
does not dispute that the October 12 agreement was a binding contract but
claims that it was effectively revoked with the adoption of the benefit plan. 
Elmore points to no provision in the benefit plan or any other document
expressly revoking the October 12 agreement.  Instead, he contends that whether
the agreement was revoked is a fact question and that the trial court impliedly
found it was revoked.  Whether the October 12 agreement is still in force is an
argument directed at the validity of the agreement as a whole; accordingly, the
arbitrator is responsible for making this determination.   See In re RLS
Legal Solutions, LLC, 221 S.W.3d 629, 631-32 (Tex. 2007) (orig.
proceeding).  The trial court, therefore, erred when it denied Permian=s motion to compel
arbitration.

But
even if we are in error, the arbitrator is also responsible for determining
whether Elmore is bound by the benefit plan=s
arbitration agreement.  Elmore concedes that, because he was an at-will
employee, (1) Permian had the right to alter the terms of his employment by
simply notifying him of the change and (2) if this occurred, continuing his
employment constituted an acceptance of the new employment terms.  Elmore
acknowledges that Permian modified the terms of his employment when it adopted
the benefit plan, that it notified him of this change, and that he accepted the
new terms by continuing to work.  The benefit plan and its arbitration
provision is, therefore, a valid contract.








When
a valid arbitration agreement exists, a presumption favoring arbitration
arises.  J.M. Davidson, Inc. v. Webster, 128 S.W.3d 223, 227 (Tex.
2003).  The benefit plan provides that A[i]n
the event of a claim, dispute or difference arising out of or relating to (i)
application and interpretation of the Arbitration Agreement [attached to the
benefit plan] or (ii) any potential action [for] work-related injury,@ Permian and the employee
will attempt to resolve the dispute informally and that, if that attempt is
unsuccessful, they will submit their dispute to binding arbitration.  Elmore
contends that when Permian adopted the benefit plan it gave him an option to
participate in the plan and arbitrate any dispute or not to participate in the
plan and retain his common-law rights including the right to file suit in state
court.  Elmore asserts that he chose to retain his common-law rights.  Because
Elmore concedes that the benefit plan is a valid agreement, the arbitrator is
responsible for determining whether the plan gave Elmore an option to arbitrate
his claims and, if so, what election he made.  Cf. Will-Drill Resources,
Inc. v. Samson Resources Co., 352 F.3d 211, 219 (5th Cir. 2003)
(distinguishing between attacks on the existence of an agreement B which are reserved for the
trial court B from
arguments concerning the continued validity or enforcement of an agreement B which are delegated to the
arbitrator).

We
recognize that the Texas Supreme Court has held that whether an arbitration
agreement binds a nonsignatory is a gateway matter to be determined by the
arbitrator.  See In re Weekley Homes, L.P., 180 S.W.3d 127, 130 (Tex.
2005) (orig. proceeding).  But, in this instance, Elmore does not dispute that
he is subject to the terms of the benefit plan or contend that the plan=s arbitration provision is
invalid.  His contention goes to the enforcement of that provision in this
instance.  That argument does not constitute a gateway matter reserved for the
trial court.

                                                                     III.
Holding   

 
The petition for writ of mandamus is conditionally granted.   In the unlikely
event the trial court fails to vacate its order denying arbitration and enter an
order referring the case to arbitration within thirty days, a writ will issue.

 

 

RICK STRANGE

JUSTICE

January 7, 2010

Panel consists of:  Wright, C.J.,


McCall, J., and Strange, J.









     [1]See 9 U.S.C.
'' 1-16.